# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THE HANOVER INSURANCE GROUP, )
                                                              )
                Plaintiff, )
                                           )
          v.                                   )         No. 12 C 565
                                           )
DNH BUSINESS CONSULTANTS, P.C., )
et al.,                                  )
                                           )
              Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff The Hanover Insurance Group (Hanover) is allegedly an insurance and surety company. Defendant DNH Business Consultants (DNH) allegedly served as the accountant for Singles Roofing Company, Inc. (Singles). Defendant Joseph Dudley (Dudley) was allegedly an accountant working for DNH. In order for Singles to perform work on certain construction projects, Singles needed to first

obtain surety bonds. Singles allegedly sought bonds from Hanover and Hanover allegedly issued surety bonds (Surety Bonds) with a total penal sum in the amount of $22,129,734.00. Hanover contends that it decided to issue the Surety Bonds in reliance on inaccurate statements and misrepresentations by DNH and Dudley concerning the financial condition of Singles. Hanover includes in its complaint a negligent misrepresentation claim brought against DNH (Count I), and a negligent misrepresentation claim brought against Dudley (Count II). Defendants move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

2

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

In the first instance, the court notes that Hanover has not met its burden to show that this court has subject matter jurisdiction, which was incumbent upon Hanover at the outset of this action. The "first duty" of a district court in an action is to "[e]nsur[e] the existence of subject-matter jurisdiction." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)). Hanover asserts in the complaint that this court has diversity subject matter jurisdiction. (Compl. Par. 5); (J Rept. 1). However, in neither the complaint nor the jurisdictional report filed with this court does Hanover provide

3

proper jurisdictional allegations concerning the citizenship of Dudley. Hanover merely provides jurisdictional allegations concerning Dudley's residence, which does not necessarily equate to citizenship for diversity purposes. (Compl. Par. 3); (J Rept. 1); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012)(stating that "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run" and that "[a]n allegation of 'residence' is therefore deficient"). Hanover, as the plaintiff, bore the burden of establishing that this court has subject matter jurisdiction and has had two opportunities to do so. *See Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)(stating that in regard to the citizenship of the parties, it is the plaintiffs' "burden to prove as the litigants claiming the right to the federal forum" and that plaintiffs "have always had the burden of proving federal jurisdiction"). Thus, this case is dismissed based on Hanover's failure to show that this court has subject matter jurisdiction. Even if this case were not dismissed based upon a lack of subject matter jurisdiction, Hanover has failed to state a valid claim.

Defendants argue that Hanover has not alleged sufficient facts to show that Defendants knew that they were preparing documents primarily for the benefit of a third-party. Under Illinois law, for a negligent representation claim brought against an accountant by a third-party, the third-party must show that it "belong[s] to a

4

limited class of persons whose reliance on the accountant's representations is specifically foreseen . . . " *Tricontinental Industries, Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 834 (7th Cir. 2007)(internal quotations omitted)(quoting *Brumley v. Touche, Ross & Co.*, 463 N.E.2d 195 (Ill. App. Ct. 1984). The Seventh Circuit has stated that a third-party bringing a negligent misrepresentation claim against an accountant "must show that a primary purpose and intent of the accountant-client relationship was to benefit or influence the third-party plaintiff." *Id.* at 836 (emphasis in original)(citing *Brumley v. Touche, Ross & Co.,* 487 N.E.2d 641, 645 (Ill. App. Ct. 1985)).

Defendants contend that Hanover has provided only conclusory allegations that Defendants knew that the primary intent and purpose of the accounting work for Singles was to influence Hanover on its decision regarding the Surety Bonds. Hanover alleges in the complaint that "DNH and Dudley reviewed and prepared certain financial information for the use and benefit of Hanover in evaluating the appropriateness of extending surety bonds on behalf of Singles." (Compl. Par. 17). Hanover also alleges that "DNH and Dudley had knowledge of the purpose of Hanover's request for information" and that "DNH and Dudley had knowledge that Hanover intended to rely upon the information supplied by DNH and Dudley in making their decision as to whether or not to issue Surety Bonds on behalf of Singles

and Durchslag." (Compl. Par. 20). In *Tricontinental*, the Seventh Circuit was faced with similar conclusory allegations that an accounting firm was aware that potential buyers of the firm's client were going to be relying on the information provided by the firm. 475 F.3d at 838-39. The Court in *Tricontinental* concluded that, even under the federal pleading standard, general allegations of knowledge were not sufficient. *Id.* The Court held that the plaintiff was required to include in the complaint "independent verification" of knowledge of the primary purpose and intent or allegations of "[o]ther conduct" to show knowledge of the primary purpose and intent. *Id.* (stating that at least allegations of "*some* affirmative action on behalf of the defendant-accountant is necessary")(emphasis in original).

As in *Tricontinental*, it is not sufficient for Hanover to provide only general allegations that Defendants knew that the intent and purpose of the accounting work for Singles was to influence Hanover. In this case, Hanover has not alleged any facts that serve as independent verification of this conclusion or facts concerning other conduct that would satisfy the knowledge of primary purpose and intent requirement. As in *Tricontinental*, while there are allegations that might suggest that certain documents may have been prepared by the accountant in question to be considered by a third-party, there is an absence of allegations to indicate the documents' primary purpose. *Id.* at 839. Hanover's allegations indicate that Defendants were responsible

6

for all of Singles' accounting. (Compl. par. 7). There is no allegation that, for example, Defendants were specifically hired to prepare the documents for the Surety Bonds requests. The documents concerning the financial condition of Singles could have been used for other purposes aside from obtaining the Surety Bonds. While the court is required to make reasonable inferences in favor of Hanover, the non-movant, Hanover asks this court to make pure speculation to determine the primary purpose of the documents prepared by Defendants. Thus, Hanover has not pled sufficient facts to state a valid negligent misrepresentation claim in accordance with the standard set forth in *Tricontinental*.

Hanover argues that *Tricontinental* should be limited to "timing case[s]" where there is an issue as to whether the accountant had the requisite knowledge at the time the documents in question were prepared. (Ans. 8-11). However, in stating the above legal principles, the court in *Tricontinental* included no such express limitation on its holding, and this court declines to read into the Seventh Circuit's holding the limitations proposed by Hanover. In addition, to the extent that Hanover argues that the timing in this case is different than in *Tricontinental*, Hanover has not presented sufficient allegations concerning Defendants' alleged knowledge at any point in time, and thus has not shown this case to be distinguishable from *Tricontinental*. Based on the above, Hanover has failed to allege sufficient facts to

state a valid claim for relief and the motion to dismiss is therefore granted.

The court also notes that in its response to the instant motion, Hanover requests either denial of Defendants' motion or, in the alternative, leave to file an amended complaint. (Ans. 13-14). Hanover cannot have it both ways. If Hanover intended to request such relief, it was incumbent upon Hanover to file an appropriate motion, which could have been properly addressed by the court. Hanover could have filed a motion for leave to file an amended complaint and, if granted, the instant motion to dismiss would have been moot. Instead, Hanover continued to oppose the motion to dismiss and placed the burden on Defendants to file a reply brief in response to Hanover's opposition, thus requiring the court to rule on the instant motion. Hanover included the request for leave to file an amended complaint merely as an insurance policy in the event that Defendants prevailed on their motion, giving Hanover a second bite at the apple with a new complaint. Therefore, based on the above, even if there was subject matter jurisdiction, the motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 23, 2012