# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 565 | **DATE** | 8/8/2012 |
| **CASE TITLE** | The Hanover Insurance Group, et al. Vs. DNH Business Consultants, P.C., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to vacate judgment [23] is denied. Plaintiff's motion for leave to file an amended complaint [23] is improper at this juncture and is denied since a final judgment has been entered in this case.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff The Hanover Insurance Group's (Hanover) motion to vacate judgment and motion for leave to file an amended complaint. On May 23, 2012, the court granted Defendants' motion to dismiss and, in accordance with Federal Rule of Civil Procedure 58(b), the Clerk of Court promptly entered judgment on the same day. Hanover now moves to vacate the May 23, 2012 ruling and for leave to file an amended complaint.

Pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), a party can file a motion to alter or amend a judgment within 28 days after the entry of judgment. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re*

| STATEMENT |
|---|

*Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

Hanover argues that the court erred by dismissing the instant action without giving Hanover an opportunity to file an amended complaint to correct the deficiencies in its complaint. The court, in granting Defendants' motion to dismiss, was not required to provide Hanover with an opportunity to file an amended complaint before dismissing the action. *See, e.g., Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). It was incumbent upon Hanover to plead the necessary facts for a negligent misrepresentation claim in accordance with the Seventh Circuit's ruling in *Tricontinental Industries, Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824 (7th Cir. 2007). Hanover was given ample notice of the deficiencies in its complaint. Defendants, in their memorandum in support of their motion to dismiss, pointed to the holding in *Tricontinental*, and explained the related deficiencies in the complaint filed by Hanover in this action. Hanover, when faced with Defendants' motion to dismiss and legal arguments, could have elected to move for leave to file an amended complaint, which would have not risked any prejudice to Hanover. Instead, Hanover opted to oppose the motion to dismiss, resulting in the additional expenditure of Defendants' resources and judicial resources. Hanover has not shown that after failing in its chosen path, it is entitled to go back to square one and take another bite at the apple by filing an amended complaint, which could then potentially lead to yet another round of briefing on a motion to dismiss.

Hanover also argues that Federal Rule of Civil Procedure 15 (Rule 15) provides that a court should give leave to amend a complaint when justice so requires. (Reply 4). However, Rule 15 provides the applicable standard for seeking leave to file an amended complaint in a live case. *See, e.g., Sigsworth*, 487 F.3d at 512. Hanover chose not to file such a motion for leave to amend, and instead litigated the motion to dismiss and waited until the motion to dismiss was briefed and ruled upon and a final judgment had been entered in this case. Hanover has not presented any new arguments or evidence or shown that the court erred in dismissing the instant action, nor has Hanover shown that the judgment in this case should be vacated pursuant to Rule 59(e). In addition, to the extent that Hanover moves to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b), Hanover has not pointed to any extraordinary circumstances that would warrant granting the motion to vacate. Therefore, the motion to vacate is denied. The motion for leave to file an amended complaint is improper at this juncture and is denied since a final judgment has been

12C565 The Hanover Insurance Group, et al. Vs. DNH Business Consultants, P.C., et al.

Page 2 of 3

| **STATEMENT** |
|---|
| entered in this case. |

12C565 The Hanover Insurance Group, et al. Vs. DNH Business Consultants, P.C., et al.

Page 3 of 3